# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| Case Title: | Valley National Bank v. Jeffery W. Potter |
| Case Number: | 05-01216 |

### Document Information

| | |
|---|---|
| Description: | Order  Denying [3-1] Motion for absention and for remand by Valley National Bank . |
| Received on: | 2006-03-27 14:51:06.000 |
| Date Filed: | 2006-03-27 00:00:00.000 |
| Date Entered On Docket: | 2006-03-27 00:00:00.000 |

### Filer Information

| | |
|---|---|
| Submitted By: | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: JEFFERY POTTER,                      No. 11-05-14071 MS

      Debtor.

_____

VALLEY NATIONAL BANK,

      Plaintiff/Counter-Defendants

v.                                               Adversary No. 05-1216 M

JEFFERY W. POTTER,

      Defendant/Counter-Plaintiff

and

JEFFERY W. POTTER,

      Third Party Plaintiff,

v.

RICHARD COOK and EL LLANO COMPANY, INC.,

      Third Party Defendants.

## ORDER DENYING MOTION OF VALLEY NATIONAL BANK FOR ABSTENTION AND FOR REMAND

THIS MATTER is before the Court on the Motion of Valley National Bank for Abstention and for Remand ("Motion"). This adversary proceeding is a removed proceeding. Valley National Bank ("Valley") requests this Court to remand this proceeding to the First Judicial District Court, State of New Mexico, County of Santa Fe, and asserts that this proceeding is a non-core proceeding from

1

which the Court must abstain under 28 U.S.C. § 1334(c)(2). The Court held a final hearing on the Motion on March 15, 2006 and took the matter under advisement. Upon close review of the record of the removed proceeding, and after consideration of the arguments of counsel, the Court finds that this proceeding is a core proceeding such that mandatory abstention is not required. Nor is remand appropriate under the permissive abstention statute. The Motion will, therefore, be denied. The facts relevant to this determination are as follows:

1. Valley initiated this proceeding against Jeffery Potter in the First Judicial District Court, State of New Mexico, County of Santa Fe in April of 2003, as Cause No. D-0101-CV-2003-00673 ("State Court Action").

2. The complaint filed in the State Court Action seeks to collect on two promissory notes executed by Jeffery Potter in favor of Valley.

3. Jeffery Potter asserted a counterclaims against Valley and third party claims against Richard Cook and El Llano Company, Inc. ("El Llano") in the State Court Action. The counterclaims against Valley are for aiding and abetting a breach of fiduciary duty and for prima facie tort. The third party claims against Richard Cook and El Llano are for breach of fiduciary duty and prima facie tort.

4. Jeffery Potter filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 19, 2005.

5. Jeffery Potter filed a notice of removal of the State Court Action on September 29, 2005.

6. Valley filed a proof of claim in Jeffery Potter's bankruptcy proceeding, Case No. 11-05-14071 MS on February 1, 2006. Valley asserts an unsecured claim in the amount of $168,899.15 based on the promissory notes which form the basis of the State Court Action. *See* Proof of Claim No.

2

16.

7. Jeffery Potter filed an objection to Valley's proof of claim, asserting that Valley's claim should be disallowed in light of Potter's counterclaims against Valley, which should be granted.

DISCUSSION

Remand is governed by 28 U.S.C. § 1452(b), which provides, in relevant part:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

28 U.S.C. § 1452(b).

Valley asserts that the Court should remand this removed proceeding because all of the elements for mandatory abstention under 28 U.S.C. § 1334(c)(2)[1] have been satisfied. As discussed in *In re Midgard Corp.,* 204 B.R. 764, 774 -75 (10th Cir. BAP 1997), there is some disagreement among courts as to whether abstention may apply to proceedings removed to bankruptcy court. The Tenth Circuit Bankruptcy Appellate Panel concluded that if abstention is required, a court may remand in accordance with 28 U.S.C. § 1452(b). *Id.* at 775. *See also, Allen v. J.K. Harris & Co., LLC,* 331 B.R. 634, 639 (E.D.Pa. 2005) (same). For mandatory abstention to apply, the matter must be non-core. *In re CRD Sales and Leasing, Inc.,* 231 B.R. 214, 218 (Bankr.D.Vt. 1999) ("Mandatory

---

[1]The mandatory abstention statute provides:
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
> 28 U.S.C. § 1334(c)(2).

Abstention applies only to 'non-core proceedings.'") (citing *S.G. Phillips Constructors v. City of Burlington (In re S.G. Phillips Constructors),* 45 F.3d 702 (2nd Cir. 1995)).

The State Court Action involves the same claims and counterclaims implicated in Valley's proof of claim and by Jeffery Potter's objection thereto. The Court finds that this adversary proceeding is a core proceeding. "Core" proceedings include:

> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11, 12, or 13 of title11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> (C) counterclaims by the estate against persons filing claims against the estate.
>
> 28 U.S.C. § 157(b)(2)(B) and (C).

As noted by the bankruptcy court for the District of Kansas, "[s]everal courts have held that proceedings which are basically equivalent to claims litigation are core proceedings." *Peoples State Bank and Trust Co. v. Krug (In re Krug),* 172 B.R. 79, 82 (Bankr.D.Kan. 1994) (collecting cases). *See also, CRD Sales and Leasing,* 231 B.R. at 219 (concluding that a foreclosure proceeding, which is generally deemed a non-core proceeding based on state law, was nevertheless a core proceeding because the foreclosure matter was "so intertwined with the undoubtedly core subordination claim and the request to determine the validity and extent of Bank's lien."). Although it remains unsettled whether all counterclaims asserted by a debtor in objecting to a creditor's proof of claim are, by definition, core proceedings, at least "[s]ome cases have held that a counterclaim arising out of the same transaction as that which gave rise to the proof of claim is a core proceeding." 1 Collier on Bankruptcy ¶ 3.02[3][d] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2005). *See also, Kamine/Besicorp*

4

*Allegany, L.P. v. Rochester Gas & Electric Co. (In re Kamine/Besicorp Allegany, L.P.),* 214 B.R. 953, 968-969 (Bankr.D.N.J. 1997) (noting the split in authority, and determining that the case at bar was non-core because the filing by the creditor of its proof of claim did not initiate the causes of action asserted in debtor's counterclaim, which had already been asserted in the context of an adversary proceeding and specifically designated as non-core).

Here, the counterclaims raised by Jeffery Potter in the State Court Action arose out of the same transaction which forms the basis of Valley's claim. Because this removed proceeding raises the identical issues necessary for the Court to resolve the objection to Valley's proof of claim, the Court finds that this proceeding is a core proceeding which does not require application of the mandatory abstention statute. The Court, therefore, concludes that remand should not be granted based on the mandatory abstention statute.

Valley asserts, alternatively, that the Court should abstain from this proceeding in accordance with the permissive abstention statute, 28 U.S.C. § 1334(c)(1).[2] The permissive abstention statute applies to both core and non-core proceedings. *See Broyles v. U.S. Gypsum Co.,* 266 B.R. 778, 785 (E.D.Tex. 2001) ("[A] federal district court or bankruptcy court may find that remand is appropriate in a case removed on bankruptcy grounds whether it is "core" or "non-core" if there is any equitable ground for doing so.") (citations omitted); *In re Best Reception Systems, Inc.,* 220 B.R. 932,

---

[2]The permissive abstention statute provides:
    (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
        28 U.S.C. § 1334(c)(1)

5

952 (Bankr.E.D.Tenn. 1998) ("[P]ermissive abstention applies to both non-core related and core proceedings.") (citations omitted). The following factors are relevant to a consideration of discretionary or permissive abstention under 28 U.S.C. § 1334(c)(1):

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.
>
> *In re Schempp Real Estate, LLC,* 303 B.R. 866, 876 (Bankr.D.Colo. 2003) (quoting *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1167 (9th Cir. 1990) (citing *In re Republic Reader's Serv., Inc.,* 81 B.R. 422, 4429 (Bankr.S.D.Tex. 1987)) (remaining citations omitted).

In light of these factors, the Court finds that permissive abstention is not warranted. State laws predominate, yet if the Court were to abstain, the possibility of inconsistent results arises. This Court is required to adjudicate Valley's claim as part of Jeffery Potter's bankruptcy proceeding, while the State court would hear and decide the same issues. Remand would also cause delay in the administration of the bankruptcy estate until the State Court Action could be fully resolved, assuming that the parties obtained relief from the automatic stay to allow such litigation to go forward. Because the claims and counterclaims in the State Court Action are identical to the issues necessary to resolve the claims objection, severing the state law claims is not possible. In sum, because it is the province of the bankruptcy court to adjudicate claims against the bankruptcy estate, the Court does not find that there are sufficient equitable grounds upon which to permissively abstain. Remand is, therefore,

6

inappropriate.

        WHEREFORE, IT IS HEREBY ORDERED that the Motion for Remand is DENIED.

                                      /s/ Mark B. McFeeley
                                      MARK B. McFEELEY
                                      United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

George M. Moore
Arin E. Berkson
Attorneys for Valley National Bank
PO Box 216
Albuquerque, NM 87103

Chris W. Pierce
Attorney for Debtor
PO Box 6
Albuquerque, NM 87103

Grey Handy
Attorney for Richard Cook and El Lano Company
PO Box 669
Santa Fe, NM 87504

/s/ Patti G. Hennessy
Patti G. Hennessy
Law Clerk
(505) 348-2545